IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 63,600-01






EX PARTE JULIO CESAR JIMENEZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM ZAVALA COUNTY


IN THE 293rd JUDICIAL DISTRICT COURT

TRIAL COURT NO. 97-06-02666-CR




 Per curiam.


ORDER 




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted of the felony
offense of murder, and punishment was assessed at confinement for 40 years. Applicant contends
that his trial counsel rendered ineffective assistance because they both failed to timely file a notice
of appeal. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000). 
 In these circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court shall provide trial counsel with the opportunity to respond to applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc., art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc., art. 26.04. 

 The trial court shall make findings of facts as to whether applicant was denied his right to
a meaningful appeal because applicant's trial counsel failed to timely file a notice of appeal. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

 IT IS SO ORDERED THIS THE 15TH DAY OF FEBRUARY, 2005.


DO NOT PUBLISH